IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MELISSA KREISS,<br><br>          Plaintiff,<br><br>          v.<br><br>FALZONE ASSOCIATES,<br><br>                    Defendant. | 2:09-cv-00387-GEB-DAD<br><br>ORDER IMPOSING A SANCTION |

Plaintiff and her lawyer were issued an Order to Show Cause ("OSC") on June 24, 2009, which required them to explain why sanctions should not be imposed since Plaintiff failed to file a timely status report.  On July 8, 2009, Plaintiff's counsel filed a response to the OSC, in which he states:

> Due to an inadvertent oversight in Plaintiff's attorneys' case management program, the internal notification to conference with Defendant pursuant to Fed.R.Civ.P 26(f) and to file the parties' Joint Status Report was missed, resulting in Plaintiff's inadvertent failure to initiate the Fed.R.Civ.P. 26(f) conference and file a Joint status report. Accordingly, Plaintiff's attorneys did not intentionally disregard this Court's Order requiring the filing of a Joint Status Report

> within fourteen (14) days of the status conference previously scheduled for June 29, 2009.

(Pl.'s Resp. 2:14-21.)

The June 24, 2009 OSC also required a status report be filed no later than fourteen days prior to the now scheduled September 28, 2009 status conference.  Plaintiff has not yet filed the required status report.  It appears Plaintiff's counsel does not have in place a procedure designed to assist counsel comply with court deadlines.

> It is certainly understandable that attorneys frequently choose to delegate [calendaring filing dates] to paralegals or other associates, leaving to them the task of reading and complying with the applicable rules [and orders] of court. But it should never be forgotten that the attorney of record is ultimately responsible for [timely filing documents]. It is therefore the professional duty of the attorney of record to ensure through proper supervision that all [documents are filed when due].

Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).

Plaintiff's counsel should also know that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted); see also Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend a settlement conference because "the date 'slipped by him'") (emphasis added).  "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow

the rules of practice and procedure . . . ." <u>Dela Rosa</u>, 136 F.3d at 1244.

Since Plaintiff's counsel failed to file a timely status report, and the response of Plaintiff's attorney to the OSC is insufficient to avoid imposition of a sanction, a sanction will be imposed.  Therefore, Plaintiff's attorney Nicholas J. Bontrager and/or Krohn & Moss, Ltd., is sanctioned four hundred dollars ($400.00) for failure to timely file a status report.  This sanction shall be paid to the Clerk of this Court within ten (10) days from the date on which this Order is filed by a check made payable to the "United States Treasury."  Proof of payment shall be sent to the undersigned judge's chambers within five (5) days of payment.  This sanction is personal to counsel or his law firm and shall not be transmitted to counsel's client.

Dated:  September 16, 2009

GARLAND E. BURRELL, JR.
United States District Judge